IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK HEARD,** | : | |
| | : | **CIVIL NO. 1:CV-07-00254** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | |
| **WARDEN TROY** | : | |
| **WILLIAMSON,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM

On February 9, 2007, Plaintiff Derrick Heard filed a *Bivens*[1]-styled complaint

against two prison officials from the Federal Prison Camp in Lewisburg,

Pennsylvania ("FPC-Lewisburg" or "USP-Lewisburg") (collectively, "Defendants").[2]

(Doc. 1.)  Heard alleges that Defendants violated his constitutional rights when they

issued him an incident report and temporarily paid him at a lower pay grade in

connection with a safety violation committed at his Federal Prison Industries, Inc.

(also known as "UNICOR") job at FPC-Lewisburg.  Before the court is Defendants'

---

[1]  *Bivens* actions are the federal counterpart to § 1983 claims brought against state officials.  *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001)).  "[C]ourts have generally relief upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a *Bivens* claim against federal officials."  *Schrob v. Catterson*, 948 F.2d 1402, 1409 (3d Cir. 1991).

[2]  Named as defendants are Troy Williamson, Warden of USP-Lewisburg, and Dan Lockcuff, Production Controller at USP-Lewisburg.

motion to dismiss the complaint or, in the alternative, for summary judgment.  (Doc. 17.)  For the reasons set forth below, the motion to dismiss will be granted.

## I.    **Background**

The allegations in Heard's complaint relate to events occurring at FPC-Lewisburg while Heard was at his UNICOR work assignment as a disassembler in the Computer Recycling Operation area.  (Doc. 1.)  Heard contends that on or about August 30, 2006, while he was cleaning an electronic computer mouse in the recycling area, Defendant Lockcuff approached him, informing Heard that he was committing a safety violation.  (*Id*. at 2.)  According to Defendants, Heard inserted a screwdriver into an air hose he was using to clean the mouse in order to let air out of the hose.[3]  (Doc. 24 at 5.)  The incident was written up by Heard's supervisor as a "serious safety violation," with a recommendation that Heard's pay grade be temporarily lowered, retroactive to August 1, 2006.  (Doc. 1 at 2; Doc. 24 at 5.)  The associate warden approved this recommendation on August 30, 2006.  (*Id*.)

---

[3]  In his complaint, Heard does not specify the alleged safety violation, rather simply alleges that he "was not aware that the act that I was performing was considered a safety violation" and that "the act for which I was being reprimanded was 'common practice' during the years of my employ at that facility."  (Doc. 1 at 2.)  Defendants have submitted the declaration of Defendant Lockcuff, which verifies the incident which occurred on or about August 30, 2006.  (Doc. 24 at 3-7.)  Also attached as exhibits are the relevant incident reports relating to the change in Heard's employment status at UNICOR.  (*Id*. at 5-7.)

Heard was subsequently issued a UNICOR incident report,[4] which lowered his pay grade, retroactive to August 1, 2006.  (Doc. 24 at 6.)  Defendant Lockcuff approved this report on August 31, 2006.  (*Id.*)  Heard spoke with Defendant Lockcuff about the incident, reminding him that Lockcuff had failed in the past to reprimand white inmates for similar safety violations.  (Doc. 1 at 2-3.)  As a result, Heard now claims that the incident report and loss of pay grade he received were too severe and amounted to racial discrimination.  (*Id.*)

On April 1, 2007, a second UNICOR report was issued, recommending that Heard's pay grade be restored effective April 1, 2007. (*Id.* at 7.)  Defendant Lockcuff approved this recommendation on April 5, 2007, and Heard's pay grade was restored. (*Id.*)

Heard filed his *Bivens* complaint pursuant to 28 U.S.C. § 1331 with this court on February 9, 2007.  (Doc. 1.)  The court directed service of the complaint on March 6, 2007.  (Doc. 6.)  After the court granted Defendants a motion for enlargement of time, Defendants filed the instant motion to dismiss the complaint on June 13, 2007. (Doc. 17.)  Heard, however, filed his brief in opposition to the motion to dismiss, (Doc. 18), prior to Defendants' filing of their brief in support of the motion to

---

[4]  Defendants note that Heard, in fact, received a less severe "action report" rather than an "incident report," which denotes a more serious violation.  (Doc. 24 at 3.)

3

dismiss, (Doc. 22).   As a result, the court issued an order on December 6, 2007, giving Heard fifteen (15) days from the date of the order to file a supplemental brief in opposition to the motion to dismiss.  (*See* Doc. 29.)  The court also informed Heard that failure to comply with the order will result in the motion to dismiss being deemed ripe for disposition.  (*Id*.)  Heard has not filed a supplemental brief, and his time for doing so has expired.  As such, the motion to dismiss is ripe for disposition.

## II.    **Legal Standard - Motion to Dismiss**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2).  *Id.* at 1965; *accord, e.g., Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).  A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

4

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).  The court is not, however, "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (quotations and citations omitted).  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Bell Atlantic Corp.*, 127 S. Ct. at 1965, 1974; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).  Further, although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v.  Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci,* 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), *quoted in Erickson*, 127 S.Ct. at 2200.

## III.   <u>Discussion</u>

Defendants have moved for dismissal of Heard's complaint under Federal Rule of Civil Procedure 12(b), or, in the alternative, for summary judgment, on the grounds of: (1) failure to exhaust administrative remedies; (2) failure to state a cause of action with respect to his claims of racial discrimination; (3) failure to allege any personal involvement by Defendant Williamson; and (4) failure to demonstrate physical injury in order to recover compensatory damages. Upon consideration of these grounds for dismissal, the court will grant the motion to dismiss for failure to exhaust administrative remedies.

As noted above, Defendants first seek to dismiss Heard's complaint on the grounds that Heard failed to properly exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110

Stat. 1321 (1996).  The PLRA requires a prisoner to present his claims through an

administrative grievance process before seeking redress in federal court.  The act

specifically provides as follows:

> No action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A prisoner must exhaust administrative remedies as to any claim that arises in

the prison setting, regardless of any limitations on the kind of relief that may be

gained through the grievance process.  *See Porter v. Nussle*, 534 U.S. 516, 532

(2002); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).  "[I]t is beyond the power . .

. of any . . . [court] to excuse compliance with the exhaustion requirement, whether on

the ground of futility, inadequacy or any other basis."  *Nyhuis v. Reno*, 204 F.3d 65,

73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp 2d 884, 894-

95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)).  The

PLRA "completely precludes a futility exception to its mandatory exhaustion

requirement."  *Nyhuis*, 204 F.3d at 71.  The PLRA also mandates that an inmate

"properly" exhaust administrative remedies before filing suit in federal court.

*Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006).  "Proper exhaustion demands

compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id*. at 2386.  Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id*. at 2387 (quoting *Nussle*, 534 U.S. at 525).  Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim.  *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004).

Further, the United States Court of Appeals for the Third Circuit recently stated that "there appears to be unanimous circuit court consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court." *Oriakhi v. United States*, 165 Fed. Appx. 991, 993 (3d Cir. 2006) (not precedential).  In citing to a case from the United States Court of Appeals for the Eighth Circuit, *Johnson v. Jones*, 340 F.3d 624, 627-28 (8th Cir. 2003), the *Oriakhi* Court found that the lower court had properly dismissed plaintiff's complaint because his exhaustion attempt took place after he filed his *Bivens* claim.  "[T]he district court must look to the time of filing, not the

8

time the district court is rendering its decision, to determine if exhaustion has occurred." *Oriakhi*, 165 Fed. Appx. at 993 (quoting *Johnson*, 340 F.3d at 627-28).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. *Id.* at 295 n.9 (noting that defendants may raise failure to exhaust as the basis for a motion to dismiss). Therefore, it must be pleaded and proven by the defendants. *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

An inmate may challenge any aspect of his or her confinement using the BOP's administrative remedy procedure, which is set forth at 28 C.F.R. §§ 542 *et seq*. An inmate first must informally present his complaint to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate may raise his complaint with the warden of the institution where he is confined. *Id.* at § 542.14(a). If dissatisfied with the response, he may then appeal an adverse decision to the Regional Office and the Central Office of the BOP. *Id.* at §§ 542.15(a) and 542.18. No administrative appeal is considered finally exhausted until a decision is reached on the merits by the BOP's Central Office.

Defendants claim that Heard's requests for administrative remedies show that he has not properly exhausted all available administrative remedies with respect to his claims, and therefore, the complaint should be dismissed.  In support of this contention, Defendants have submitted the relevant SENTRY computer-generated records of Heard's exhaustion attempts, as well as several detailed requests for remedies and responses thereto.[5]  (Doc. 10-16.)

The record indicates that Heard filed a request for administrative remedy on September 22, 2006, claiming that his lowered pay grade was the result of racial discrimination.  (*Id*. at 11.)  On October 20, 2006, Defendant Williamson denied that request based on the finding that the temporary change in Heard's pay grade was based on the safety violation committed by Heard.  (*Id*.)  Defendant Williamson informed Heard that he had twenty (20) days from the date of the response to appeal to the Regional Office.  (*Id*.)  *See* 28 C.F.R. § 542.15(a).

On November 14, 2006, Heard filed an appeal with the Regional Office.  (*Id*. at 11.)  The Regional Office rejected the appeal as untimely because it was not filed within the 20-day time period allotted for such an appeal.  (*Id*.)  *See* 28 C.F.R. §

---

[5]   These records are attached as exhibits to the declaration of L. Cunningham, supervisory attorney at the USP-Lewisburg, which verifies the accuracy of all the relevant administrative remedies pursued by Heard, and the responses thereto.  (Doc. 24 at 8-22.)

542.15(a).  Heard was informed, however, that he could resubmit his appeal with a verification that the late filing was not his fault.  (Doc. 24 at 11.)

Rather than resubmit the appeal to the Regional Office with the proper verification, Heard filed an appeal to the Central Office on December 6, 2006.  (*Id*. at 12.)  The Central Office rejected this appeal on December 11, 2006, as untimely because Heard had never submitted a verification to the Regional Office with his reasons for the late filing.  (*Id*.)  The Central Office advised Heard to resubmit his appeal to the Regional Office with the proper verification.  (*Id*.)  Heard did resubmit his appeal with the Regional Office on December 26, 2006, but failed again to provide a verification.  (*Id*.)  As a result, the Regional Office rejected Heard's appeal on December 29, 2006, as untimely based on his original late filing date.  Heard did not appeal this decision.

On February 9, 2007, Heard filed a complaint in this court, asserting constitutional violations based on FPC-Lewisburg's decision to temporarily lower his pay grade.  (Doc. 1.)  Defendants argue that his complaint should be dismissed because he failed to exhaust his administrative remedies prior to filing the instant complaint.  In his brief in opposition to the instant motion, Heard does not address Defendants' argument relating to failure to exhaust administrative remedies.  Rather,

11

Heard states, "Although the issue with regards to plaintiff's pay grade has been somewhat resolved, there still remain disputed and unresolved issues pertaining to plaintiff being refunded the money withheld when his pay grade was reduced."  (Doc. 18 at 2.)  The record clearly reflects, however, that Heard has failed to exhaust his administrative remedies with respect to this claim prior to filing this action. Consequently, the court will grant Defendants' motion to dismiss the complaint, without prejudice to any right Heard may have to assert his claims in a newly filed complaint.[6]

## IV.   Conclusion

For the reasons set forth herein, Defendants' motion to dismiss will be granted on the basis of Heard's failure to properly exhaust administrative remedies relating to all claims in the instant action.

An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  January 22, 2008.

---

[6] Because exhaustion of administrative remedies is a threshold issue, there is no need to address Defendants' alternative arguments.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK HEARD,** | : | |
| | : | **CIVIL NO. 1:CV-07-00254** |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | |
| **WARDEN TROY** | : | |
| **WILLIAMSON,** *et al.* | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 22d day of January, 2008, upon consideration of Defendants'

motion to dismiss the complaint (Doc. 17), it is hereby ORDERED that:

1.  Defendants' motion to dismiss (Doc. 17) is GRANTED without prejudice

for failure to exhaust administrative remedies.

2.  The Clerk of Court is directed to CLOSE this case.


                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated:  January 22, 2008.